# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:17-CV-298-GNS

BRYAN TYLER BOERSTE,                                             Plaintiff,

v.

ELLIS, LLC, et al.,                                              Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to stay (DN 18) filed by Defendant Kevin Bewley ("Bewley"). Plaintiff Bryan Tyler Boerste ("Boerste") filed a response (DN 26), and Bewley filed a reply (DN 27). For the following reasons, the motion to stay is **granted**.

## BACKGROUND

On October 4, 2017, the Court entered a scheduling order (DN 17). In that order, the Court discussed the existence of related criminal proceedings in state court against two defendants in this civil action, Michael Cotton ("Cotton") and Bewley. United States District Judge Greg N. Stivers previously granted a motion filed by Cotton to stay discovery as to him. (DN 7 (motion to stay); DN 13 (order granting stay).) Specifically, Judge Stivers held that "[a]ll pending and future discovery requests propounded upon . . . Cotton are stayed until the conclusion of his criminal case." (DN 13.)

The October 4, 2017 scheduling order stated that the stay as to Cotton remains in effect and noted that as Bewley had not requested or received a stay of discovery as to him, all deadlines set forth in the scheduling order applied to him. (DN 17 at 2.) The Court also set a date for Cotton and Bewley to file updated status reports regarding the criminal proceedings and setting forth their positions as to whether case management deadlines should be stayed as to

Cotton and/or Bewley. (*Id.* at 3 (further stating that other parties *may* notify the Court of their positions as to the same but were not required to do so.).) In compliance with that order, the parties filed the following:

>  (1) Bewley's motion (DN 18) to stay these proceedings as to him pending resolution of the underlying criminal proceedings;
> 
>  (2) Cotton's status report and position on case management deadlines (DN 20);
> 
>  (3) Bewley's status report regarding same (DN 23);
> 
>  (4) Boerste's response in opposition to Bewley's motion to stay (DN 26); and
> 
>  (5) Bewley's reply in support of his motion to stay (DN 27).

The purpose of the instant memorandum opinion and order is to address those filings.

In the motion to stay, Bewley assets that a trial in his related criminal matter is set for February 6, 2018. (DN 18 at 1.) He asks the Court to stay discovery, both written discovery and depositions, as to him pending resolution of the criminal matter. As grounds for the motion, Bewley contends that entry of a stay is proper under a set of six factors recognized by the Sixth Circuit. He argues that the criminal case arises out of the same set of facts as this case; that a trial date has been set; that the Court already granted a similar stay to Cotton; that without a stay, he would likely invoke his Fifth Amendment privilege against self-incrimination, which would likely require a second deposition; and that it would be a waste of Court resources to engage in a lengthy determination of what elements of discovery are covered by the Fifth Amendment privilege in this case.

In response, Boerste argues that Bewley has not shown a pressing need to delay discovery in this matter. (DN 26.) Boerste asks that the motion to stay be denied, "or at a

minimum, limited to stay only discovery related to Defendant Bewley's state of mind regarding the events that injured Plaintiff." (*Id.* at 1.) Boerste asks the Court to permit him to take discovery from Bewley on topics that he says are unrelated to the criminal charges, such as his employment history and training, driving history, personal financial history, process for responding to calls for a tow truck, and the number of times that he has towed trucks from Saint Catharine College ("Saint Catharine"). (*Id.* at 4.) Noting that the incident underlying this case occurred on April 16, 2016 and that trial is not set to begin until February 6, 2018, Boerste argues that to stay discovery as to Bewley would further delay this case and prejudice Boerste's ability to move forward with the lawsuit in a timely manner. (*Id.*) Boerste argues that a stay is not automatically granted in a civil matter involving a defendant who is implicated in related criminal proceedings, and urges the Court to exercise its discretion and make a decision on a case-specific basis. (*Id.* at 2.) He contends that Bewley has not met his burden to show that there is a pressing need for delay, arguing that Bewley does not provide any specific examples regarding why it would be necessary to invoke his Fifth Amendment privilege. (*Id.* at 2-3.) Boerste argues that the possibility of follow-up discovery or a subsequent deposition after a stay is lifted does not outweigh the prejudice to him of being unable to complete discovery in an efficient manner. (*Id.* at 3.)

Bewley filed a reply (DN 27), in which he again notes that the Court previously granted a stay of discovery as to Cotton. Further, he points to a January 2017 email from Boerste's counsel stating that Boerste would not sit for a deposition until then-pending criminal charges against him were resolved. (DN 27 at 2-3; DN 27-1 at 1 ("Moreover, Tyler [Boerste] is currently under indictment and we will schedule his deposition once that criminal matter is concluded.").)

Bewley argues that there is no reason to treat him differently than the Court has treated Cotton or than as Boerste's counsel requested that he be treated. Bewley also notes that the criminal trial is set for less than three months from now, on the same date as Cotton's trial, giving the delay in this case a "finite end" that is not likely to affect the existing discovery deadline of June 1, 2018. (DN 27 at 3 (citing DN 17 at 3).) Finally, in a status report filed on October 13, 2017 (DN 23), Bewley reiterates the February 6, 2018 trial date in the criminal matter and asks the Court to grant his motion for a stay.

Cotton also filed a status report on October 13, 2017 (DN 20). Therein, he states that in his criminal matter, a pretrial conference is set for December 20, 2017 and trial is set for February 6, 2018. (*Id.* at 1.) Cotton asserts that the stay of discovery as to him should remain in effect because he "fully intends to continue to assert his Fifth Amendment Privilege against self-incrimination during the pendency of criminal proceedings against him." (*Id.* at 2.) Looking to the same six factors discussed by the parties in relation to Bewley's motion to stay, Cotton argues that a stay is appropriate because the criminal and civil actions stem from the same incident and are closely related; because waiting until the criminal action is resolved would not affect the ability of Boerste and Defendant Ellis Towing, LLC to recover monetary damages in this action; and because there will be time for the other parties to depose Cotton in the period between the conclusion of the criminal trial and the June 1, 2018 discovery deadline. (*Id.*)

## DISCUSSION

**A. Legal Standard**

"[N]othing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir.

2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)); *id.* (further stating that "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings") (quoting *S.E.C. v. Novaferon Labs, Inc.*, 1991 U.S. App. LEXIS 19406, *2 (6th Cir. Aug. 14, 1991)). Accordingly, district courts have broad discretion in determining whether to stay a civil action while a criminal action is pending or impending. *Id.* (citing *Chao*, 498 F. Supp. 2d at 1037).

The Sixth Circuit has recognized six factors that "[d]istrict courts generally consider and balance . . . when determining whether a stay of civil proceedings is appropriate in a given case." *E.M.A. Nationwide*, 767 F.3d at 627. Those factors are as follows:

> (1) The extent to which the issues in the criminal case overlap with those presented in the civil case;
>
> (2) The status of the case, including whether the defendants have been indicted;
>
> (3) The private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;
>
> (4) The private interests of and burden on the defendants;
>
> (5) The interests of the courts; and
>
> (6) The public interest.

*Id.* (citing *Chao*, 489 F. Supp. 2d at 1037). In addition to the factors listed above, district courts are directed to consider the extent to which the defendant's Fifth Amendment rights are implicated. *Id.* (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)) (quotation omitted). The party seeking a stay bears the burden of showing a pressing need for delay and that neither the other parties nor the public will suffer harm from entry of the order.

*Id.* at 627-28 (citing *Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

**B. Bewley's Motion to Stay**

The Court will now apply the six factors set forth above to the circumstances presented by Bewley's motion to stay discovery. First, it appears to be undisputed that there is an overlap of issues in the criminal and civil matters. The parties agree that the criminal and civil matters stem from the same events. Accordingly, the first factor weighs in favor of granting a stay of discovery as to Bewley pending resolution of the criminal proceedings against him.

Second, the status of the case also weighs in favor of staying discovery as to Bewley. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *E.M.A. Nationwide*, 767 F.3d at 628 (quoting *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). In the instant case, not only have criminal charges been filed, but a trial date is set for February 6, 2018.[1] Bewley filed the motion to stay just under four months prior to the trial date, and the instant memorandum opinion and order is entered approximately two months prior to the trial date. The Court finds that the likelihood of Bewley making incriminating statements is, naturally, greater now than it would be if there was no pending criminal matter.

---

[1] The Court notes that there is no guarantee that the criminal trials will go forward as scheduled. Indeed, during a telephonic conference on November 27, 2017, counsel for Cotton stated that Cotton's criminal trial has been continued more than once. Nevertheless, as of the date of entry of the instant opinion, Cotton and Bewley's trials are both set for February 6, 2018, and the Court has no information before it suggesting that the trials will not begin on that date.

Further, taking into account the usual course of federal civil matters, the criminal trial will take place in the relatively near future. The Court concludes that Boerste will not be prejudiced by having to wait approximately two more months before taking discovery from Bewley.

The third factor, the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to him caused by the delay, also weighs in favor of granting the motion to stay. As Bewley stresses in his motion and reply, the deadline for completion of discovery in this case is June 1, 2018. (*See* DN 17.) Accordingly, after completion of a criminal trial and the consequential resolution of that case in early- to mid-February, the parties will have nearly four months to complete discovery involving Bewley. Moreover, the parties are currently free to conduct discovery as to all aspects of this case, with the exceptions of seeking discovery from Cotton, Third-Party Defendant Saint Catharine, and, upon entry of the instant order, from Bewley. (*See* DN 17 at 2 (discussing stay of discovery as to Cotton and stay of action as to Saint Catharine); *id.* at 3 ("All parties may proceed with discovery.").) While the Court understands Boerste's desire to move forward with discovery related to Bewley, Boerste remains free to seek discovery from a number of other parties in this case, as well as nonparties, and he will have several months to take discovery from Bewley in the period between the resolution of the criminal matter and the deadline for completion of discovery. Additionally, it is worth noting that in the email attached to Bewley's reply, Boerste's counsel seemed to take it as understood that *her client* would not sit for a deposition until the criminal matter against *him* was resolved. (*See* DN 27-1 at 1.) It would seem, therefore, that Boerste can understand why Bewley seeks the same outcome. For the foregoing reasons, the Court concludes that the third factor weighs in favor of granting the motion to stay discovery as to Bewley.

The fourth factor, the private interests of and burden on Bewley, also weighs in favor of granting the motion to stay. The Court agrees with Bewley that it would be a burden on him to have to sit for a deposition in the civil case, during which he would assert his Fifth Amendment privilege, and then almost certainly have to reconvene a deposition after the criminal matter is resolved. This would be not be an efficient use of Bewley's time and resources. The Court acknowledges Boerste's argument that he could initiate discovery from Bewley in relation to certain topics that do not involve Bewley's mental state at the time of the incident. While it is *possible* that discovery could proceed in that manner, it would be more cumbersome for all parties and burdensome to Bewley, especially when the alternative course is to simply grant a stay and then allow discovery involving Bewley to proceed wholesale in February 2018 after the criminal matter is resolved. Moreover, as is discussed above, there is no barrier to the parties proceeding with discovery involving parties (and nonparties) as to whom discovery has not been stayed, such as Boerste and the Defendants and Third-Party Defendants not including Bewley, Cotton, and Saint Catharine.

Fifth, it is in the Court's interest to grant a stay. It would not be an efficient use of Court resources to deny a stay and then to have to handle disputes regarding Bewley's assertion of his Fifth Amendment privilege against self-incrimination. This is especially true when one considers the relatively short length of the stay, as the criminal matter should be resolved in less than three months.

Sixth, and finally, the Court finds that the public interest also weighs in favor of granting a stay. It is in the public interest for Court resources to be utilized wisely and efficiently. Further, to the extent that there is a general public interest in the prompt resolution of this civil

matter, the relatively short length of a stay required under these circumstances indicates that the burden, if any, on that interest caused by this decision would be minimal.

Based upon the foregoing, the Court finds that all six factors recognized by the Sixth Circuit weigh in favor of granting a stay of discovery as to Bewley. The Court further finds that Bewley has satisfied his burden of showing a pressing need for delay and that neither the other parties nor the public will suffer harm from entry of the instant order. Accordingly, the Court concludes that Bewley's motion to stay discovery as to him should be granted.

### C. Status of the Stay as to Cotton

Finally, the Court already granted a stay of discovery as to Cotton. (DN 13 ("All pending and future discovery requests propounded upon [] Cotton are stayed until the conclusion of his criminal case.").) For the same reasons that the six factors analyzed above weigh in favor of granting a stay of discovery as to Bewley, the Court concludes that the stay as to Cotton should remain in effect pending resolution of his criminal proceedings.

### ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Bewley's motion to stay (DN 18) is **GRANTED**. All pending and future discovery requests and deposition notices propounded on Bewley are STAYED pending the conclusion of his criminal case.

(2) The stay of discovery as to Cotton REMAINS IN EFFECT. (*See* DN 13.)

(3) Consistent with the Court's order of November 28, 2017 (DN 28), Cotton and Bewley are REQUIRED to file a status update or updates **no later than three (3) days after the criminal proceedings are resolved OR February 16, 2018, whichever is earlier**.

(4) The stay of these proceedings as to Saint Catharine REMAINS IN EFFECT.

(5) The scheduling order of October 4, 2017 (DN 17) REMAINS IN EFFECT as to all other parties.

(6) The Court's standing order regarding discovery-related motions REMAINS IN EFFECT. (*See* DN 17 at 4-5, ¶ 13.)

cc: Counsel of record