# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO.  3:17-CV-298-GNS-CHL

**BRYAN TYLER BOERSTE,**                                                  **Plaintiff,**

**v.**

**ELLIS, LLC, et al.,**                                                     **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Continue the Depositions of Defendants Michael Cotton and Kevin Bewley filed by Plaintiff, Bryan Tyler Boerste ("Plaintiff").  (DN 61.) Defendants Michael Cotton ("Cotton") and Kevin Bewley ("Bewley") both filed Responses to the Motion (DNs 63, 64), and Plaintiff filed a Reply (DN 65).  Therefore, this matter is ripe for review.

For the reasons set forth below, Plaintiff's Motion (DN 61) is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

### A.      Factual and Procedural Background

On August 4, 2016, prior to the date this action was removed to this Court and only a few months after the April 16, 2016, incident (the "Incident") that is the subject of this action, Plaintiff took the depositions of  Defendants Cotton and Bewley.  (DN 61, at PageID # 1023-24; DN 61-1; DN 61-2.)  At the time those depositions were noticed, Plaintiff did not know that Cotton and Bewley were under criminal investigation for their roles in the Incident.  (*Id.* at 1024.)  However, at the outset of Bewley's deposition, his counsel stated that recent correspondence from the City of Springfield indicated that there was an ongoing criminal investigation into the Incident.  (DN 61-1, at PageID # 1043.)  As a result of that investigation, Bewley's counsel proposed that

Bewley's deposition be postponed by agreement until after the investigations were completed and closed. (*Id.*) Counsel indicated that should the deposition proceed, Bewley would invoke his Fifth Amendment privilege against self-incrimination as to a number of topics and would only answer questions regarding his personal identifying information and general biographical information. (*Id.*) Because Bewley's counsel was not willing to provide a specific date as to when Bewley would testify without invoking his Fifth Amendment privilege, Plaintiff's counsel refused to postpone the deposition. (*Id.* at 1043-44.) Bewley testified pursuant to the limitations his counsel had outlined and invoked his Fifth Amendment privilege as to multiple questions posed to him. (*Id.* at 1045-63.) During his deposition, Cotton likewise refused to answer multiple questions on the basis of his Fifth Amendment privilege. (DN 61-2.) Both Bewley and Cotton were formally charged related to their actions during the Incident a few weeks after their depositions. (*Id.*)

Because of the pending criminal charges, this Court stayed discovery as to Bewley and Cotton. (DNs 13, 29.) This stay was not dissolved until September 28, 2018. (DN 56.) Plaintiff then noticed the "continuation" of Bewley's deposition for October 29, 2018, and Cotton's deposition for October 30, 2018. (DN 61, at PageID # 1026.) Counsel for Bewley and Cotton informed Plaintiff's counsel that the rescheduled depositions would be limited to those questions previously objected to based upon each defendant's Fifth Amendment privilege. (DNs 63-2, 63-3, 64-1, 64-2.) Plaintiff's counsel responded to confirm the location of Cotton's deposition and to confirm that October 30, 2018, would work for remaining counsel. (DNs 64-3, 64-4.) He did not address the limitations described by counsel for Cotton and Bewley. (*Id.*)

At the October 29, 2018, deposition, Bewley's counsel instructed Bewley only to answer those questions that were asked during the previous August 4, 2016, deposition but were not answered then on the basis of privilege. (DN 61-3, at PageID # 1126-27.) His counsel stated on

the record that Plaintiff's counsel had been previously informed of this limitation but chose not to address the same prior to the deposition. (*Id.* at 1127.) While Bewley did answer some questions within the scope identified by his counsel, he refused to answer others. (*Id.* at 1133.) Plaintiff's counsel suspended the deposition because of Bewley's refusals to answer. (*Id.* at 1133-34.) Plaintiff's counsel then cancelled Cotton's deposition, set for the next day, because of concern the same issue would arise. (DN 58; DN 61-3, at PageID # 1134.) The Court held a telephonic status conference with the Parties regarding the dispute on November 6, 2018, but the Parties were unable to come to an informal resolution of the same. (*Id.*) The Court then granted Plaintiff leave to file the instant Motion. (*Id.*)

B.      **The Instant Motions**

In his Motion to Continue the Depositions, Plaintiff argued that he did not need to request leave of Court to continue Cotton and Bewley's depositions on October 29-30, 2018, because their depositions were not completed. (DN 61, at PageID # 1030.) He further argued that even if he should have requested leave originally, the circumstances now justify the Court granting him leave to reconvene the depositions without any limitations on the topics to be discussed and the questions to be answered. (*Id.* at 1031-33.) Plaintiff also requested the costs associated with scheduling and attending Bewley's October 29, 2018, deposition given counsel's instructions to Bewley not to answer certain questions. (*Id.* at 1033-36.)

Bewley argued in response that the burden was on Plaintiff to seek leave to continue his deposition prior to its initiation. (DN 63.) He stated that because Plaintiff's counsel did not object to the limitation on Bewley's testimony proposed by his counsel prior to the deposition, he "led all parties to believe the stipulation as stated was agreed to in full." (*Id.* at PageID # 1149.) Bewley

argued that the circumstances neither justify requiring him to sit for a third deposition nor any award of sanctions. (*Id.* at 1152-53.)

Cotton argued that absent his stipulation, Plaintiff was required to seek leave of Court prior to taking his deposition a second time. (DN 64.) Cotton then stated that the Court should deny Plaintiff's motion for leave given any difficulty or delay here was "solely the product of Plaintiff's actions." (*Id.* at PageID # 1311.) Further, Cotton proposed that even if the Court granted Plaintiff leave to continue Cotton's deposition, Plaintiff should be limited to questions to which Cotton had previously invoked his Fifth Amendment privilege. (*Id.* at 1311-14.)

In his Reply, Plaintiff noted that Cotton and Bewley's attorneys did not object during the August 4, 2016, depositions when Plaintiff indicated he reserved the right to recall them at a later date. (DN 65, at PageID # 1324.) He argued that "new information and documents have been obtained since August 4, 2016 warranting additional testimony pertaining to topics previously discussed." (*Id.* at 1325.) However, Plaintiff did not specifically identify any such new information or documents.

## II. DISCUSSION

### A. Legal Standard

If a deponent "has already been deposed in [a] case," then "[a] party must obtain leave of court" in order to reopen the deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). "[T]he court must grant leave to [reopen the deposition] to the extent consistent with Rule 26(b)(1) and (2)." *Id.* at (a)(2). Rule 26(b)(1) is the touchtone for the scope of civil discovery. Rule 26(b)(1) provides, in relevant part, as follows regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

4

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) addresses limitations on the frequency and extent of discovery. Subpart (b)(2)(A) gives the court discretion to alter limits on written discovery and the number and length of depositions under Rule 30. *Id.* at (b)(2)(A). Subpart (b)(2)(B) addresses limitations on discovery of electronically stored information, which is not triggered on these facts. *Id.* at (b)(2)(B). Finally, Subpart (b)(2)(C) provides that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that:
> (i)      the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)      the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii)      the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Id.* at (b)(2)(C).

## B. Analysis

Plaintiff's Motion and the Responses of Defendants Bewley and Cotton raised three issues for the Court's consideration: (1) whether Plaintiff should have requested leave to reopen the depositions of Bewley and Cotton prior to the October 29-30, 2018, depositions; (2) whether Plaintiff is entitled to an award of sanctions as a result of the Bewley's counsel limiting the scope of Bewley's October 29, 2018, deposition testimony; and (3) whether—and if so, to what extent—the Court will now grant Plaintiff leave to reopen the depositions of Bewley and Cotton. The Court will address each issue below.

### 1. October 29-30, 2018, Depositions

Though Plaintiff argued he did not need to seek leave to reopen the depositions of Bewley and Cotton prior to the October 29-30, 2018, depositions, a plain reading of Rule 30 contradicts

this assertion. Rule 30(b)(2)(A)(ii) requires a party to seek leave of court to depose a deponent who has already been deposed in the case absent a stipulation to the deposition by the parties. Fed. R. Civ. P. 30(b)(2)(A)(ii). At the time the October 29-30, 2018, depositions were noticed, Defendants Bewley and Cotton had already each given a deposition on August 4, 2016. (DNs 61-1, 61-2.) Therefore, Plaintiff should have sought leave of Court prior to noticing their second depositions unless the Parties stipulated to the same. Here, Bewley and Cotton plainly indicated in their e-mails from their respective counsel regarding scheduling their second depositions that they would only agree to testify as to those questions on which they had previously invoked their Fifth Amendment privilege. (DNs 63-2, 63-3.) It is evident from the questions that Plaintiff's counsel asked of Bewley during his October 30, 2018, deposition that he wished to take an unlimited second deposition of Bewley and Cotton, which is not what was offered. Therefore, Plaintiff should have sought leave of Court prior to the October 29-30, 2018, depositions.

Plaintiff argued that he did not need to seek leave because he did not complete the initial depositions of Bewley and Cotton and instead "continued" them until a later date. (DN 61, at PageID # 1030.) His counsel stated the same on the record at the end of each deposition, and he emphasized that Defendants' counsel offered no contemporaneous objection to the reservations. *See* DN 61-1, at PageID # 1062-63 ("I reserve the right to call you for continuation of this deposition."); DN 61-2, at PageID # 1091 ("I expect that we will call you back for continuation of this deposition in the future.") However, Plaintiff cited no case law to support his assertion that he had the ability to unilaterally suspend a deposition and continue it again at a later date.

Plaintiff's citation to the Advisory Committee notes to Rule 30 is unavailing. Though the Advisory Committee Notes to the 1993 Amendments to Rule 30 do state that the requirement to seek leave of court "does not apply when a deposition is temporarily recessed for the convenience

of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition," the note does not differentiate between temporary recesses of more than a day and those that last less than a day. Fed. R. Civ. P. 30(a) advisory committee's note to 1993 amendment. Fed. R. Civ. P. 30(d) explicitly limits a deposition to "*one day* of 7 hours." Fed. R. Civ. P. 30(d)(1) (emphasis added). As Plaintiff's continuation of Bewley and Cotton's depositions on October 29-30, 2018, violated Rule 30(d)(1)'s limitation of a deposition to one day, the Court is not persuaded of the Advisory Committee Note's application.

For all these reasons, the Court concludes that Plaintiff should have sought leave of Court to take the October 29-30, 2018, depositions of Bewley and Cotton.

### 2.      Plaintiff's Request for Sanctions

Plaintiff requested costs associated with scheduling and attending Bewley's October 29, 2018, deposition pursuant to Rule 37(d)(3). (DN 61, at PageID # 1033-36.) Rule 37(d) provides that the court *may* award sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Plaintiff argued that Bewley's conduct and his counsel's instruction to him not to answer certain questions amount to "failure to appear" for the deposition. (DN 61, at PageID # 1033-36.) However, as the Court concluded above that Plaintiff should have requested leave of Court prior to the October 29, 2018, deposition of Bewley, the Court likewise concludes that sanctions under Rule 37(d) are not appropriately awarded here. Additionally, despite Bewley's counsel's instructions to him not to answer certain questions—which was improper, as set forth more fully below—the Plaintiff was aware of the issue regarding the testimony Bewley would agree to give prior to the deposition (DNs 63-2, 63-3, 64-1, 64-2) and chose not to address it in advance. Therefore, the Court will deny Plaintiff's request for sanctions.

### 3. Leave to Reopen Depositions

Finally, Plaintiff argued that regardless of whether he should have previously requested leave, the Court should now grant him leave to continue the depositions of Bewley and Cotton without any limitations as to the scope of the same. (DN 61, at PageID # 1031-32.) Pursuant to Fed. R. Civ. P. 30, when faced with such a request, the court "*must* grant leave to [reopen the deposition] to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2) (emphasis added).

Plaintiff argued that given Bewley and Cotton's pivotal roles in the Incident that is the subject of this action, their testimony regarding what happened is relevant to Plaintiff's claims. (DN 61, at PageID # 1031.) Plaintiff stated, "While Plaintiff has obtained other eyewitness accounts of events in question, Plaintiff must be given the opportunity to learn Bewley and Cotton's point of view and role in the events of April 26, 2016." (*Id.* at 1032.) Defendants Bewley and Cotton do not appear to dispute that their testimony regarding the Incident is relevant and discoverable, nor do they appear to dispute that they have not previously given such testimony. Given Bewley and Cotton's respective roles in the Incident that is the subject of this action, the Court agrees that their testimony regarding the Incident is relevant and otherwise discoverable within the scope of Fed. R. Civ. P. 26(b)(1).[1] Therefore, the Court is directed by Fed. R. Civ. P. 30(a)(2) to grant leave to reopen the depositions of Bewley and Cotton unless doing so would be contrary to the limitations of Fed. R. Civ. P. 26(b)(2).

Under Rule 26(b)(2), the court must limit the frequency or extent of discovery if it finds that "the party seeking discovery has had ample opportunity to obtain the information by discovery

---

[1] Bewley was the tow truck driver who towed Plaintiff's car and from whose truck Plaintiff fell and was injured. Cotton was the police officer who responded to the scene and was present both before Plaintiff's car was towed and after Plaintiff was injured.

in the action."[2]  Fed. R. Civ. P. 26(b)(2)(C)(ii).  Cotton and Bewley argued that a third deposition

of Bewley and a second deposition of Cotton are not warranted here because Plaintiff's counsel

ignored Defendants' counsels' e-mails regarding the limitations to be placed on the October 29-

30, 2018, depositions and did not even attempt to resolve any objections thereto beforehand.

Specifically, Bewley argued that forcing him to sit for a third deposition would be "tantamount to

harassment" because it was Plaintiff who called off the second deposition without asking any

questions regarding the Incident, even though Bewley was prepared to answer them that day.  (DN

63, at PageID # 1153.)

Even though the Court concluded above that Plaintiff should have asked for leave prior to

taking the October 29, 2018, deposition of Bewley, in reviewing the transcript from the same, the

Court notes that the dispute regarding which questions Bewley would answer affected the

proceeding nearly from the start of the deposition.  Bewley was instructed by counsel not to answer

Plaintiff's counsel's sixth question of the deposition:

| | |
|---|---|
| MR. HASKEN: | . . . [W]hat were the charges that were filed against you, the criminal charges filed against you? |
| MR. NOBLE: | Objection.  Again, we're - we're limited today to the questions that were objected to in the prior deposition in which he invoked his Fifth Amendment right.  You can ask those questions.  You can't ask any other questions.  We agreed to that.  We notified you of that on September 7, 2018. |
| MR. HASKEN: | Counsel, we just got started. Are you instructing the witness not to answer? |

---

[2] Cotton and Bewley did not specifically argue that the Court should deny Plaintiff's Motion because of the limitations set forth in Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii), merely that the scope of any such depositions should be limited. The Court has already ruled above that the testimony sought is relevant and within the scope of discovery. Therefore, Rule 26(b)(2)(C)(iii) does not prohibit reopening the depositions. The Court further finds that reopening the depositions would not be unreasonably cumulative or duplicative under Rule 26(b)(2)(C)(i) if properly limited in scope as will be addressed more fully in the remainder of this opinion.

MR. NOBLE:          Yeah, I mean we – we instructed you on September 7, 2018 that you're allowed to ask the questions that we objected to in which we invoked the Fifth Amendment right. I would have hoped that you would have already gone through the deposition, highlighted those questions, had a line of questioning based on those questions. Have you not done that?

MR. HASKEN:         Counsel, do you know the circumstances in which you're allowed to instruct a witness not to answer under the Federal Civil Rules?

MR. NOBLE:          He's already given his deposition. We invoked the Fifth Amendment right. We allowed you to take a separate depo - second deposition. You have not objected to that. We notified you of that. We could have had this conversation nine weeks ago, if you would have brought it up. For some reason, you chose not to.

MR. HASKEN:         If you instruct him not to answer the questions, I'm going to suspend the deposition and seek relief from the Court.

MR. NOBLE:          That's fine. He's – he's here to answer the questions that were objected to in his prior deposition, as we stated on September 7, 2018.

MR. HASKEN:         And the basis as to why he couldn't answer those questions were because of the criminal -- the pending criminal investigation. So I mean, I am certainly just setting the foundation as why to there was a delay from his first deposition to why we're doing it now. I want to know his understanding as to what the criminal charges were. That's all it is, and then we will move on. That – it's -- that is it. It is what the criminal charges were, and what was the disposition, how was those -- how were those charges resolved, in his words, and then we can certainly move on.

MR. NOBLE:          He – he's not going to answer those questions. Did you ask him that question on -- in the prior deposition?

MR. HASKEN:         There were no criminal charges brought against him at that time.

MR. NOBLE:          Well, then he's not going to answer the question.

10

(DN 61-3, at PageID # 1126-27.)  After a brief recess, Plaintiff's counsel decided to attempt to continue Bewley's deposition, going on to ask him a number of questions, including questions about his employment background that Bewley had previously refused to answer.  (*Id.* at 1127-1133.)  However, when Bewley's counsel instructed him not to answer a question regarding Bewley's departure from a previous job on grounds that Bewley had not previously invoked his Fifth Amendment privilege as to that question, Plaintiff's counsel ultimately did suspend the deposition.  (*Id.* at 1133.)

While the Court concluded above that Plaintiff should have asked for leave to continue the deposition given qualified stipulation offered by Defendants, the Court also notes that the Defendants have presented no authority to support their ability to unilaterally restrict the scope of a deposition and for counsel to instruct the deponent not to answer questions outside of that self-delineated scope.  Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation *ordered by the court*, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2) (emphasis added).  Rule 30(d)(3) allows a deponent to move to terminate or limit a deposition "because it is being conducted in bad faith or in a manner that unreasonable annoys, embarrasses, or oppresses the deponent or party" and provides that at the objecting deponent or party's request, "the deposition must be suspended for the time necessary to obtain an order." *Id.* at (d)(3).  Bewley's counsel's objections and instructions to him not to answer were neither on that basis of privilege, nor to enforce any *court-ordered* limitation, nor did counsel specifically reference Rule 30(d)(3) in his objections.  Therefore, it was improper for counsel to instruct Bewley not to answer questions.

Given this improper instruction and Bewley and Cotton's previous assertions of their Fifth Amendment privileges, the Court holds that Plaintiff has not yet had a full and fair opportunity to

depose them regarding the Incident. Bewley and Cotton were key participants in and eyewitnesses to the Incident giving rise to the present action. To prevent Plaintiff from obtaining their testimony in discovery regarding the Incident would subject Plaintiff to unfair surprise at trial. The Court recognizes that Plaintiff had an opportunity to resolve the present issue prior to taking the second deposition of Bewley due to counsel's e-mail regarding her view of the proper scope of the deposition. But conversely, Bewley and Cotton could have refused to stipulate to a deposition pursuant to Rule 30(a)(2)(a)(ii) absent Plaintiff's agreement regarding scope. Bewley and Cotton should not have assumed that silence meant agreement. Neither should Plaintiff have ignored the issue regarding the scope of the deposition. However, given the importance of Bewley and Cotton's testimony, the Court finds that these facts are sufficient reason to deny Plaintiff's request for sanctions but not sufficient reason to prevent Plaintiff from obtaining the sought testimony. Accordingly, the Court will grant Plaintiff leave to reopen the depositions of Bewley and Cotton given the relevance of the testimony and Plaintiff's lack of a previous or other opportunity to obtain the same.

However, to prevent the reopened depositions from being unreasonably cumulative and duplicative in violation of Fed. R. Civ. P. 26(b)(2)(C)(i), the Court will place limits on the scope of the reopened deposition given that Plaintiff has already had an opportunity to ask some questions of Cotton and Bewley in their initial depositions. In his Motion, Plaintiff stated that he was previously presented from obtaining Cotton and Bewley's testimony regarding "the events [of April 16, 2016], what happened afterward, as well as (most) questions related to their employment background." (DN 61, at PageID # 1031.) Cotton argued that "the only new material or information to be gleaned from the second deposition of Cotton was related to questions where Cotton asserted his Fifth Amendment privilege against self-incriminations [*sic*]." (DN 64, at

PageID # 1310.) Because nearly three years have passed since the initial depositions of Cotton and Bewley, it is also possible that Plaintiff might need to seek testimony regarding matters he could not have reasonably anticipated in August 2016, such as the developments in the criminal prosecutions that occurred subsequent to the initial depositions. Therefore, under the circumstances, the reopened depositions of Cotton and Bewley shall be limited in scope to those topics on which they originally asserted their Fifth Amendment privilege and any new events that have unfolded since their initial August 4, 2016, depositions.

The Court recognizes that it has now placed a court-ordered limitation on Cotton and Bewley's testimony sufficient to trigger a proper instruction not to answer pursuant to Fed. R. Civ. P. 30(c)(2). However, the Court directs the Parties to construe the Court's limitation so as to avoid disputes about the proper scope of the testimony to be taken. Where possible, the Parties should err on the side of the testimony being within the scope of the Court's limitation, even if an objection to the same is noted for the record to be resolved later, if necessary.

**III.    ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)    Plaintiff's Motion for Leave to Continue the Depositions of Cotton and Bewley (DN 61) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is granted leave to continue the depositions of Cotton and Bewley to those topics on which they originally asserted their Fifth Amendment privilege and any new events that have unfolded since their initial August 4, 2016, depositions.  Plaintiff's request for sanctions is denied.

(2)    The Parties shall complete the depositions of Cotton and Bewley within the fact discovery deadline set by this Court's February 6, 2019 Order (DN 67).

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

July 17, 2019