UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-298-GNS-CHL

BRYAN TYLER BOERSTE,                                                    Plaintiff,

v.

ELLIS, LLC, et al.,                                                   Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Renewed Motion for Stay of Proceedings and Discovery filed by Defendant, Kevin Bewley ("Bewley"). (DN 85.) Plaintiff, Bryan Tyler Boerste ("Boerste"), filed a response (DN 88), and Bewley filed a reply (DN 89). Therefore, this matter is ripe for review.

For the reasons set forth below, Bewley's Motion (DN 85) is **GRANTED IN PART AND DENIED IN PART**.

## I.   BACKGROUND

### A.   Factual and Procedural Background

This case stems from an April 16, 2016, incident in which Boerste was injured after falling from the roof of his car, which was being towed by a vehicle allegedly owned by Defendant Ellis Towing, LLC and driven by Bewley. (DN 1-12, at PageID # 544-59.) Boerste initially filed suit in Washington Circuit Court on June 15, 2016. (DN 1-2, at PageID # 6-14.) On August 4, 2016, Boerste attempted to take the deposition of Bewley, but Bewley refused to answer many questions posed to him on the basis of his Fifth Amendment privilege against self-incrimination. (DN 61-1.) Bewley was indicted in Washington Circuit Court on a charge of assault second degree on August 18, 2016, related to the incident that is the subject of this case (the "Washington Circuit

Court action"). *Commonwealth v. Bewley*, No. 16-CR-00041-001, Washington Circuit Court, Washington County, Kentucky (filed Aug. 18, 2018).

On May 11, 2017, the matter was removed to this court. (DN 1.) Thereafter, on October 11, 2017, Bewley moved to stay the proceedings against him because of the pending Washington Circuit Court action related to the same events. (DN 18.) The Court granted Bewley's motion over Boerste's objections (DN 26). (DN 29.) In doing so, the Court relied on the significant overlap between the instant case and the Washington Circuit Court action, the likelihood that Bewley's criminal trial would take place in the relatively near future, and the fact that Boerste would still have four months after Bewley's then-scheduled February 6, 2018, trial to take discovery, among other factors. (*Id.* at PageID # 891-94.)

On August 13, 2018, Bewley entered an *Alford* plea to the amended charge of wanton endangerment-first degree. (DN 85, at PageID # 1479-80.) Bewley then entered into a pretrial diversion agreement, diverting his case for a period of three years. (DN 85-2.) The pretrial diversion agreement required Bewley to refrain from committing another offense during the diversion period, remain drug and alcohol free, and subject himself to random drug testing. (*Id.* at PageID # 1488.) The pretrial diversion agreement also provided that Bewley could keep his "gun collection" while on pretrial diversion. (*Id.*) Thereafter, the Parties advised the Court that they had agreed to allow discovery to proceed as to Bewley, and the Court lifted the stay. (DN 56.) On October 28, 2018, Boerste attempted to take a second deposition of Bewley but encountered a dispute regarding the interplay between Bewley's second deposition and the previous August 4, 2016, deposition. Boerste ultimately filed a Motion to Continue Bewley's Deposition as a result of this dispute. (DN 61.)

While awaiting the Court's ruling on Boerste's Motion (DN 61), Bewley was involved in an unrelated incident during which he allegedly discharged a firearm at a moving vehicle. He was arrested on March 19, 2019. Uniform Citation, *Commonwealth v. Bewley*, No. 19-F-00011, Spencer District Court, Spencer County, Kentucky (filed Mar. 19, 2019). On April 1, 2019, the Commonwealth filed a Motion to Revoke Bewley's pretrial diversion in the Washington Circuit Court action as a result of the new Spencer County, Kentucky, charges. Motion to Revoke, *Commonwealth v. Bewley*, No. 16-CR-00041-001, Washington Circuit Court, Washington County, Kentucky (filed Apr. 1, 2019). On June 10, 2019, Bewley was indicted for wanton endangerment-first degree and being a convicted felon in possession of a handgun as a result of the March 19, 2019, incident (the "Spencer Circuit Court action"). *Commonwealth v. Bewley*, No. 19-CR-00019, Spencer Circuit Court, Spencer County, Kentucky (filed June 10, 2019). Bewley filed the instant motion to stay on August 8, 2019. (DN 85.)

### B. The Instant Motions

Bewley argued that a stay of these proceedings and any discovery propounded to him was appropriate given that he again faced potential penalties in the Washington Circuit Court action because he was in danger of his pretrial diversion agreement being revoked. (DN 85, at PageID # 1479-80.) Bewley indicated that the Spencer Circuit Court action is presently set for a hearing on September 5, 2019, to determine whether Bewley was validly charged with being a felon in possession of a handgun given that his pretrial diversion agreement specifically allowed him to maintain his gun collection. (*Id.* at 1480.) Further, he represented that the Washington Circuit Court action was also set for a hearing on August 28, 2019, on the Commonwealth's Motion to Revoke his diversion. (*Id.* at 1480-81.) He indicated that at the revocation hearing, the Washington Circuit Court would have to address the constitutionality of its form pretrial diversion

3

agreement given the conflict between the agreement's treatment of a participant's ability to possess a firearm and KRS § 527.040.[1] (*Id.* at 1481.) Under these circumstances, he stated that "[r]esponding to discovery or participating in a deposition at this time would require [him] to invoke his Fifth Amendment privilege." (*Id.* at 1481.) He further argued that all of the relevant factors weighed in favor of a stay of proceedings and discovery as to him in this matter. (*Id.*)

In response, Boerste argued that entering an indefinite stay of discovery was unwarranted at this phase in the case. (DN 88.) Boerste noted that the new criminal charges in the Spencer Circuit Court action are factually unrelated to the instant action. (*Id.* at PageID # 1626-27.) He criticized Bewley for waiting nearly four months after the Commonwealth filed its motion to revoke to file a motion to stay given that the delay deprived the Court of the opportunity to resolve the issue further in advance of the fact discovery deadline. (*Id.* at 1627.) Further, Boerste argued that the relevant factors now weigh against a stay of discovery. (*Id.* at 1628-30.)

In reply, Bewley indicated he did not wish to indefinitely stay proceedings either. (DN 89.) He argued that at the very least, a stay should be granted until the conclusion of the August 28, 2019, hearing in the Washington Circuit Court action when the issue can then be "revisited" based on what occurred at the hearing. (*Id.* at PageID # 1641.)

## II. DISCUSSION

### A. Legal Standard

"[N]othing in the Constitution requires that a civil action be stayed in the face of a pending or impending criminal indictment." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Accordingly,

---

[1] KRS § 527.040 prohibits a convicted felon from possessing, manufacturing, or transporting a firearm absent a pardon by the Governor, a pardon by the President of the United States, or relief from the United States Secretary of the Treasury.

4

district courts have broad discretion in determining whether a civil action should be stayed due to pending or impending criminal proceedings. *Id.* In determining whether to stay civil proceedings, the Sixth Circuit has held that a district court should consider the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> (2) the status of the case, including whether the defendants have been indicted;
> (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;
> (4) the private interests of and burden on the defendants;
> (5) the interests of the courts; and
> (6) the public interest.

*Id.* In addition to these factors, a district court should also consider "the extent to which the defendant's [F]ifth [A]mendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* (quoting *Keating v. Office of Thrifty Supervision*, 45 F.3d 322, 324 (9th Cir. 1989) and *Int'l Bd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989) (unpublished)). The burden to demonstrate a stay is on the party seeking the stay. *Id.*

  **B. Analysis**

Applying the six factors set forth above to the instant case, the Court will grant in part and deny in part Bewley's motion. As to the first factor, the Court already determined that there was an overlap between the Washington Circuit Court action and the instant case. (DN 29, at PageID # 891.) No party appears to dispute that conclusion. While Boerste faults Bewley for attempting to stay discovery based on the unrelated Spencer Circuit Court action, Bewley argued that Boerste misunderstands the relationship between the two actions. (DN 89, at PageID # 1640.) Bewley stated that based on his reliance on the terms of the diversion agreement in the related-Washington Circuit Court action, he is now facing additional charges in the Spencer Circuit Court action. (DN 85, at PageID # 1481-82.) The Court is unpersuaded that the Spencer Circuit Court action has a

factual overlap with the instant civil proceedings.[2]  However, the Washington Circuit Court action undisputedly overlaps with the instant case and so to the extent Bewley will again potentially be in jeopardy on those charges, this factor weighs in favor of a stay.

As to the second factor, the Court finds that the speculative status of the criminal proceedings against Bewley weigh against a stay of discovery at this time.  In its prior order staying discovery, this Court had found this factor weighed in favor of a stay relying on the then-likelihood that Bewley's criminal trial would take place in the near future and that if it did, Boerste would still have four months after Bewley's then-scheduled February 6, 2018, trial to take discovery. (DN 29, at PageID # 891-92.)  However, the instant situation is markedly different.  Bewley represented in his Motion that a hearing in the Spencer Circuit Court action was set for September 5, 2019, regarding the charge of being a convicted felon in possession of a handgun and that a hearing in the Washington Circuit Court action regarding the Commonwealth's Motion to Revoke was set for August 28, 2019.  (DN 85, at PageID # 1480-81.)  Based on its independent review of the state court docket, the Court sees that those hearings have since been rescheduled for October 24, 2019, and October 30, 2019, respectively.  However, it is entirely unclear what the result of those hearings will be or how long those criminal proceedings might continue beyond the hearings. Should the Spencer Circuit Court determine that Bewley was improperly charged with being a felon in possession of a firearm given his pretrial diversion agreement permitted him to keep his gun collection, it is wholly unclear whether that outcome would dispose of the separate wanton endangerment charge in the Spencer Circuit Court action.  Should the Washington Circuit Court

---

[2] The Court understands Bewley's argument regarding his reliance on the pretrial diversion agreement in so far as it relates to the felon in possession charge in the Spencer Circuit Court action given the pretrial diversion agreement's provision that he could keep his gun collection.  However, Bewley is also charged with wanton endangerment for discharging a firearm, not merely for possessing one.  Accordingly, the wanton endangerment charge appears wholly independent of the pretrial diversion agreement and Bewley's reliance on the same.

determine that the pretrial diversion agreement Bewley entered into is unconstitutional, Bewley gives no indication that he would then be permitted to enter a second diversion agreement; and should Bewley not again enter a diversion agreement and withdraw his *Alford* plea, the Court has no indication of how long the Washington Circuit Court charges would then take to resolve. Further, even if the Washington Circuit Court upheld the pretrial diversion agreement and the Spencer Circuit Court dismissed the felon in possession charge, Bewley does not acknowledge that the wanton endangerment charge alone could be a sufficient violation of the diversion agreement for the Washington Circuit Court to revoke the same. Accordingly, the status of the criminal proceedings against Bewley, both those related and unrelated, is purely speculative. Additionally, though Boerste has a pending motion to extend it (DN 94), the discovery period in this action closed on October 14, 2019 (DN 86). Therefore, unlike the prior stay, Boerste would not have time within the original discovery period to propound any necessary discovery on Bewley after the stay was lifted. Instead, the stay would arrest the progress of the entire action for an undefined period of time due to events over which this Court would have no control. Under such circumstances, the second factor weighs against an undefined stay. However, given the closeness in time of the October 24, 2019, and October 30, 2019, hearings, the factor would weigh in favor of a short stay of discovery at least until the conclusion of those hearings on the chance that they resolve Bewley's charges or provide some additional level of certainty regarding the length of any potential delay sufficient to alter the Court's analysis above.

      The third factor, Boerste's interest weighed against the prejudice to him caused by the delay, weighs heavily against a stay of discovery given the current status of this matter. As observed by Boerste in his response, the incident that is the subject of this action took place in April 2016 and discovery in this action has already been hampered by at least one stay. (DN 88,

at PageID # 1626.) Boerste has an interest in seeing this matter brought to a close, and a stay would prejudice him because he would be prevented from taking discovery as to one of the key witnesses to the incident and forced to go forward in this action without it. The prejudice to Boerste is lessened, though not eliminated, by only a short stay of discovery as to Bewley until the conclusion of the October 24, 2019, and October 30, 2019, hearings provided the Court also grants a corresponding extension of the remaining litigation deadlines.

The fourth factor, the private interests of and burden on the defendants, weighs against a stay at this time. While it would seem that this factor would weigh in favor of a stay given the likelihood Bewley would invoke his Fifth Amendment privilege, as the Eastern District of Kentucky observed, Bewley's position "is not unusual. . . . [P]arallel civil and criminal proceedings are often a possibility." *United States v. Conn*, No. 11-157-ART, 2016 WL 4803970, at *7 (E.D. Ky. Sept. 9, 2016) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980)). Given this possibility, a stay of discovery is not warranted where a defendant "does not allege any significant prejudice beyond the typical choice whether to invoke his Fifth Amendment rights—a choice defendants must often make, even in the absence of an extra civil proceeding." *Id*. Bewley has alleged no such prejudice here. Accordingly, the Court concludes that this factor weights against a stay as to Bewley. But Bewley is not the only defendant in this matter. Accordingly, like Boerste, the remaining Defendants also have an interest in seeing this matter come to a final resolution that weighs against a stay of discovery at this time.

The fifth factor, the Court's interest, and the sixth factor, the public's interest, both weigh against a stay of discovery of undefined length. In its initial opinion, the Court observed that a stay of discovery would promote efficiency because it would prevent the Court from having to handle disputes regarding Bewley's assertion of his Fifth Amendment privilege. (DN 29, at

PageID # 893.) However, the Court's interest in avoiding time-intensive disputes is counter-balanced by both the Court's and the public's interest in the prompt resolution of cases. *See* Fed. R. Civ. P. 1 (directing district courts to construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, given the status of this case and the need to move it toward a final resolution, the fifth and sixth factors both weigh against a stay of discovery of undefined length. However, much like the second factor, the fifth and sixth factors would weigh in favor of a stay of discovery at least until the conclusion of the October 24, 2019, and October 30, 2019, hearings to ensure that those hearings do not provide more concrete information regarding the uncertainties discussed in the Court's analysis of the second factor above.

As the factors largely weigh against a stay of discovery and partially weigh in favor of a stay of discovery at least until the conclusion of the October 24, 2019, and October 30, 2019, hearings, the Court will stay discovery as to Bewley until November 11, 2019. On or before November 4, 2019, Bewley shall file a status report regarding the outcome of the October 24, 2019, and October 30, 2019, in the Washington and Spencer Circuit Court actions. Thereafter, the Court will address whether to continue the stay or whether the proceed with discovery.

**III. ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that Bewley's Renewed Motion for Stay of Proceedings and Discovery (DN 85) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1)  All discovery is stayed as to Bewley until **November 11, 2019**.

(2)  On or before **November 4, 2019**, Bewley shall file a status report detailing the outcome of the October 24, 2019, hearing in the Spencer Circuit Court action and the October 30, 2019, hearing in the Washington Circuit Court action.

cc: Counsel of record