UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

BRYAN TYLER BOERSTE                                     PLAINTIFF

V.                                                                         NO. 3:17-CV-298-BJB

ELLIS, LLC, ET AL.                                     DEFENDANTS

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

The Court has scheduled argument on February 17th regarding several dispositive motions pending in this wide-ranging dispute. In the interest of narrowing the focus of that hearing and speeding the resolution of this case, this order resolves several non-dispositive motions.

### A. Sanctions and strike motions related to Ellis, LLC's motions for summary judgment

Ellis, LLC, one of the many defendants Boerste sued, moved for summary judgment (DN 116) because the tow-truck driver, Kevin Bewley, was employed by a separate company—Ellis *Towing*, LLC, another of the many defendants in this case. As a result, Ellis, LLC argued, Boerste could not hold it vicariously liable for Bewley's actions, pierce the corporate veil, or establish a joint venture with Ellis Towing. Boerste responded (DN 121) by arguing that its claim was not based on employment or piercing the corporate veil, but rather that Bewley and/or Ellis Towing were *agents* of Ellis, LLC. Boerste pointed to some supporting evidence, which in his view created a genuine issue of material fact for a jury to decide. Ellis, LLC replied that the evidence did not raise any material disputes over agency, but offered to file a separate motion for partial summary judgment if the Court deemed the agency issue insufficiently raised by its initial dispositive motion. DN 124 at 4 & n.1.

In the meantime, Ellis, LLC moved for Rule 11 sanctions (DN 125), repeating many of its summary-judgment arguments and arguing Boerste made frivolous and harassing arguments rather than voluntarily dismissing its claims against Ellis, LLC. Boerste then moved to strike Ellis, LLC's summary-judgment reply for raising the agency issue for the first time, asked for the sanctions request to either be denied or stayed pending further proceedings, and—for good measure—suggested the Ellis, LLC sanctions motion was itself sanctionable. DN 129 at 6–7 & n.3. Ellis, LLC responded by filing an opposition to Boerste's strike request (DN 137) as well as a whole new motion for partial summary judgment (DN 139) on the agency issue alone.

1

Rather than respond on the merits, Boerste decided to move to strike that motion as well (DN 146) for requiring him to face new arguments while another dispositive motion was already pending.

These petty squabbles are not worth spilling much of the Court's ink; the parties, like dueling octopuses, have already splattered the docket with more than enough. Nothing about this fight over the corporate relationship between three co-defendants justifies this proliferation of requests for judgment, strikes, and sanctions. The experienced lawyers litigating this complex case are capable of making their points far more efficiently.

None of this would have been a problem if Boerste had been clearer about the claims he asserted. After Boerste's response to the motion for summary judgment (DN 121) clarified his legal position and supporting evidence, Ellis, LLC replied to those arguments and offered its own evidence (DN 124). Ellis, LLC's new motion on the agency issue (DN 139) afforded Boerste an opportunity to respond. But Boerste instead doubled back to complain that the first motion controlled (even though he previously argued that the first motion missed the point). DN 146 at 2–3. Boerste even recognizes that Federal Rule 56—which permits summary-judgment motions "at any time"—would likely allow Ellis, LLC to eventually file the motion. *Id.*

This is needlessly disputatious. Ellis, LLC did nothing wrong in how it approached Boerste's agency argument. After complaining so often about delay, Boerste can hardly object that a defendant should wait longer still before raising a dispositive argument. So the Court denies both motions to strike (DN 129, 146) and orders Boerste to file any response to the second motion for partial summary judgment (DN 139) **no later than February 4th**.

This is not to say that Ellis, LLC is blameless. A district court may impose Rule 11 sanctions when a party files a paper that is motivated by an improper purpose, unwarranted by existing law, frivolous, or lacking in evidentiary support. FED. R. CIV. P. 11(b), (c). While district courts have wide discretion under Rule 11, sanctions are an "extreme punishment for filing pleadings that frustrate judicial proceedings." *Brown v. F.B.I.*, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quotation omitted). Typically "a Rule 11 motion that makes only essentially summary judgment arguments about the legal and factual sufficiency of the complaint is not a proper invocation of the Court'[s] discretion to impose the extraordinary remedy of sanctions." *Castro & Co., LLC v. Diamond Offshore Servs. Ltd.*, No. 3:18-cv-574, 2018 WL 6069973, at *13 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, No. 3:18-cv-574, 2018 WL 6068977 (N.D. Tex. Nov. 20, 2018). Ellis, LLC's motion for sanctions does just that: arguing that because the record made clear the companies' separateness, Boerste's contrary arguments were frivolous. DN 125 at 6–8. The Court rejects this characterization. The question of corporate separation does not have an obvious answer, and Boerste provided evidence to support a non-frivolous position. So the Court denies the motion for sanctions (DN 125).

**B. Sur-reply to Cotton's summary-judgment motion**

Murky pleadings by Boerste caused a similar issue to arise regarding Officer Michael Cotton's motion for summary judgment (DN 176). Boerste's operative complaint alleges that numerous defendants, including Cotton, "deprived [Boerste] of his constitutional rights and equal protection of the law." First Amended Complaint (DN 1-11) ¶ 55. Officer Cotton moved for summary judgment on Boerste's constitutional claims, arguing that he had no duty to intervene or arrest Boerste, lacked any special relationship through custody over Boerste, and did nothing to cause a state-created danger. DN 176-1 at 7–11.

Boerste again tried to play a game of gotcha: he argued that Officer Cotton "guesses (wrongly) about the core nature of Tyler's federal claim" and mocked Officer Cotton's "guesses" several more times. DN 208 at 1, 13, 18, 21, 24. But as Cotton explained, "if in fact Defendant 'misunderstood' Plaintiff's claims, it is due"—in no small part—"to Plaintiff's failure to adequately and clearly plead them." DN 215 at 6.

This time, instead of moving to strike the "new" arguments, Boerste moved to file a sur-reply (DN 230) that would address the issues on the merits. Despite his role in causing this confusion, the underlying constitutional issues are more serious than these pleading games might suggest. Because Boerste should respond to Cotton's arguments, the Court grants the motion to file an attached sur-reply (DN 230).

**C. Motion to dismiss specific defenses**

Boerste also moved to "dismiss" several defenses asserted by Ellis Towing and Bewley in their answer as "unsupported by the evidence." DN 185 at 1. His short motion describes each as inapplicable, lacking evidentiary support, or absent from Rule 8(c). As Ellis Towing explains, however, a more apt characterization for this sort of filing is a motion to strike under Rule 12(f). DN 211 at 1–2 & n.2. Regardless of labels, the motion is largely unhelpful in narrowing the questions at issue in this case.

Motions to strike are "disfavored" and are properly granted only when "plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (quotation omitted). Ellis Towing and Bewley agreed to strike some of these defenses, but argue that others may be applicable and would not narrow the case. DN 211.

The Court agrees with Ellis Towing that striking the non-party apportionment defense is unnecessary: either the defense could apply (if it turns out some party is missing from this sprawling litigation), or else granting the motion to strike would fail to narrow the issues before the Court and therefore accomplish nothing. Striking

KRS 411.184 and KRS 411.186 is likewise inappropriate because those statutes govern Boerste's claims for punitive damages. The Kentucky Motor Vehicle Reparations Act, KRS 304.39-010, *et seq.*, governs automobile insurance, which is relevant to the insurers' defenses. And the avoidable-consequences defense is a relevant one under state law. *Wemyss v. Coleman*, 729 S.W.2d 174, 178 (Ky. 1987). The Court declines to strike any of these defenses.

But given the parties' agreement regarding other defenses, the Court grants in part the motion to strike (DN 185) the defenses of waiver, statute of limitations, insufficiency of service of process, lack of jurisdiction, and accord and satisfaction.

### D. Motion to intervene

Sentry Select Insurance Company moved to intervene (DN 161) as of right under Rule 24(a)(2) to determine whether its policy with Ellis, LLC would cover the claims in this case and whether it must defend the suit. Boerste opposes the intervention, which he believes will unnecessarily delay and complicate the case. Sentry, he notes, could always file a separate suit for declaratory judgment. DN 169.

To intervene under Rule 24(a)(2), Sentry must demonstrate "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *United States v. Tennessee*, 260 F.3d 587, 591–92 (6th Cir. 2001). Numerous courts have denied requests to intervene in similar circumstances because "insurers contesting coverage have no more than a contingent interest in the underlying action." *J4 Promotions, Inc. v. Splash Dogs*, LLC, No. 2:09–cv–136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (collecting cases and denying intervention by insurer seeking declaration that it no duty to defend or indemnify the defendant ); *Sanchez v. Clark*, No. 3:08-cv-054, 2008 WL 11422525, at *2 (S.D. Ga. Nov. 18, 2008) (same).

The First Circuit has explained that these contingent interests are not sufficient under Rule 24(a)(2) and run the risk that the insurer will interfere with or control the insured's defense. *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638–39 (1st Cir. 1989) (distinguishing an insurer's contingent interest from a "direct interest in a lawsuit … when the insurer admits that the claim is covered by the policy in question," the latter of which would justify intervention); *see also Restor–A–Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874–76 (2d Cir. 1984) (similar). That risk is present here too. And Sentry's non-intervention would not impair its interests in enforcing the limits of its duties under the policy. *See J4 Promotions*, 2010 WL 1839036, at *3. As Boerste notes, Sentry could bring its own declaratory-judgment suit to contest coverage. *See Adams v. Ohio Univ.*, No. 2:17-cv-200, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017). But its interest in this case is contingent on the outcome of such a dispute, so Sentry currently lacks a

4

substantial legal interest under Rule 24. *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006). So the Court denies Sentry's motion to intervene (DN 161), even assuming—contrary to Boerste's vigorous objections—the filing was timely.

## ORDER

The Court denies Boerste's motions to strike (DN 129, 146), denies in part and grants in part Boerste's motion to dismiss specific defenses (DN 185), grants Boerste's motion to file a sur-reply (DN 230), denies Ellis, LLC's motion for sanctions (DN 125), and denies Sentry's motion to intervene (DN 161).

The Court also asks the parties arrive ready to discuss the federal claims against Kevin Bewley, Ellis Towing, and Ellis, LLC, including in particular the question of state action, at the upcoming summary-judgment hearing (DNs 251, 252).